**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| KIM VELEZ and<br>MARTIN VELEZ<br>             *Plaintiffs*,<br><br>v.<br><br>OTIS ELEVATOR CO. a/k/a<br>OTIS ELEVATOR SERVICE CO.,<br>             Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | From Suffolk Superior Court<br>C.A. No. 1884CV03200 |

## **OTIS ELEVATOR COMPANY a/k/a OTIS ELEVATOR SERVICE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.,* the Defendant, Otis Elevator Company a/k/a Otis Elevator Service Company (hereinafter "Otis" or "Defendant"), by and through undersigned counsel hereby gives notice of removal of this action to the United States District Court for the District of Massachusetts.

## **Background Facts**

1. This is a negligence and breach of warranty action in which, the Plaintiffs, Kim Velez (hereinafter "Ms. Velez") and Martin Velez (hereinafter "Mr. Velez) (collectively "Plaintiffs") allege that Ms. Velez was injured on or about April 17, 2017, while in the "course of her employment at Massport at Logan Airport" while exiting an elevator. *See* Plaintiffs' Complaint at ¶¶ 6-10 ("Complaint"), attached hereto as **Exhibit A**. Specifically, the Plaintiff alleges that the elevator "malfunctioned" and as a result she sustained injuries. *Id.* The Complaint also alleges a claim sounding in Loss of Consortium. *Id.* at ¶¶ 27-28.

2. By a Complaint, filed October 15, 2018, Plaintiffs initiated this civil action entitled Kim Velez and Martin Velez v. Otis Elevator Co. a/k/a Otis Elevator Service Co., Civil

Action No. 1884CV03220, in Superior Court for the Commonwealth of Massachusetts, Suffolk County (the "Action").  *See* Docket Report, attached hereto as **Exhibit B**.

3.  Otis accepted service by and through undersigned counsel on November 21, 2018. *See* Email communication dated November 21, 2018, attached hereto as **Exhibit C**.  At that time, Otis was provided a copy of the underlying Complaint[1].  *See id.*; Exhibit A.

4.  This Notice of Removal is thus timely because it is made within 30 days of the first-served defendant having received the Complaint.  *See* Exhibits A-C; 28 U.S.C. § 1446(b).

## Diversity Removal

5.  Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between - (1) citizens of different states . . ."

6.  An action commenced in state court, of which a district court's original jurisdiction is based on diversity, "shall be removable only if none of the parties in the interest properly joined and served as defendants is a citizen of the State in which such action is brought."  *See* 28 U.S.C. § 1441(b).

7.  Complete diversity of citizenship exists between the parties at the time of filing of the Complaint, at the time of removal, and at all intervening times.

8.  Plaintiffs, Kim Velez and Martin Velez, were, at the commencement of this action, and are now a resident and citizen of the State of Massachusetts and of no other state.  *See* Exhibit A at ¶¶ 1-2.

---

[1] Otis was not provided a copy of the Summons.

9. Defendant, Otis, was at the commencement of this action, and is now, a New Jersey corporation with its principal place of business in the State of Connecticut. *See* Exhibit A at ¶ 3.

10. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states for diversity purposes. The above-captioned action may, therefore, be removed pursuant to 28 U.S.C. § 1441(a).

11. With respect to removal based upon diversity jurisdiction, Otis represents as follows:

   a. The parties to this action are citizens of different states, and were citizens of different states at the time the suit was initiated;

   b. This is a civil action in which Plaintiffs allege that Ms. Velez sustained "severe injuries" while at work at Logan Airport as a result of Otis' negligence and/or breach of warranty, as well as a claim of loss of consortium on Mr. Velez's behalf;

   c. Plaintiffs commenced this action seeking monetary damages and allege that "[a]s a result of the incident, [Ms. Velez] sustained severe injuries," and those "injuries … were the direct and proximate result of the negligence of [Otis]." *See* Exhibit A at ¶¶ 10 and 12.

   d. Although the Plaintiffs' Complaint does not specify the exact amount in controversy, Otis reasonably believes that the amount in controversy will exceed the sum or value of $75,000, exclusive of interests and costs; and

e. As basis for this belief, in addition to the Plaintiffs' allegations of injuries, pain and suffering, and loss of consortium, Otis asserts that in connection with Plaintiffs' Complaint, Plaintiffs provided a Civil Action Cover Sheet asserting $200,000.00 in hospital expenses and $500,000.00 in "pain and suffering," amounting to a total of $700,000.00 in alleged damages. *See* Superior Court Civil Cover Sheet, attached hereto as **Exhibit D**.

12. Accordingly, the requirements of 28 U.S.C. § 1332(a) (1) are satisfied, and the Court would have original subject matter jurisdiction over this action if it had originally been brought in Federal Court. Removal is, therefore, proper under 28 U.S.C. § 1441(a).

### Conclusion

13. This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) (1) because Plaintiffs' claims present a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. Accordingly, this case is removable under 28 U.S.C. § 1441(a).

14. Otis reserves the right to file additional support for this Notice of Removal by way of affidavits, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and legal argument.

15. No other process, pleadings or orders have been served upon Otis in the Action. *See* U.S.C. § 1446(a). As required by § 1446(a) and Rule 81.1 of the Local Rules of this Court, certified or attested copies of all records, proceedings, and docket entries in state court will be filed with this Court within twenty-eight (28) days of this Notice of Removal.

16. Pursuant to § 1446(d), Otis will promptly give written notice hereof to Plaintiffs and file a copy of this Notice of Removal with the Superior Court for the Commonwealth of

Massachusetts, Suffolk County, notifying that court of this removal. A copy of the state court notice to be filed (without exhibit) is attached hereto as **Exhibit E**.

WHEREFORE, Defendant Otis Elevator Co. a/k/a Otis Elevator Service Co., having provided notice as required by law, now removes the above-captioned action from Superior Court for the Commonwealth of Massachusetts, Suffolk County, to the United States District Court for the District of Massachusetts.

Dated: December 7, 2018

THE DEFENDANT,
OTIS ELEVATOR COMPANY a/k/a
OTIS ELEVATOR SERVICE COMPANY

BY: */s/ John J. Robinson*
John J. Robinson, Esq. (BBO# 653791)
Delaney M. Busch, Esq. (BBO# 690732)
Gordon & Rees LLP
95 Glastonbury Blvd., Ste. 206
Glastonbury, CT 06033
Tel: (860) 494-7505
Fax: (860) 560-0185
jjrobinson@grsm.com
dbusch@grsm.com

## CERTIFICATE OF SERVICE

      I, John J. Robinson, hereby certify that, on this 7th day of December, 2018, the foregoing Notice of Removal was electronically filed with the Clerk of the Court using the *CM/ECF* system and paper copies will be sent by first-class mail to the following non-registered *CM/ECF* participants on this date:

*Counsel for the Plaintiffs*
James Swartz
Alan Cantor
Ross B. Greenstein
Swartz & Swartz, P.C.
10 Marshall Street
Boston, MA 02109

                                          By */s/ John J Robinson*_____
                                              John J. Robinson (BBO # 653791)