## **EXHIBIT A**



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
CIVIL ACTION NO.:

KIM VELEZ and
MARTIN VELEZ
      Plaintiff,

vs.

OTIS ELEVATOR COMPANY a/k/a
OTIS ELEVATOR SERVICE COMPANY

      Defendant.

PLAINTIFF CLAIM
TRIAL BY JURY

MICHAEL JOSEPH DONOVAN
CLERK MAGISTRATE
2018 OCT 15 A 11: 35
SUFFOLK SUPERIOR COURT

## COMPLAINT

### PARTIES AND FACTS

1. The Plaintiff Kim Velez is an individual residing at 91 Liverpool Street, East Boston, Massachusetts, Suffolk County.

2. The Plaintiff, Martin Velez is an individual residing at 91 Liverpool Street, East Boston, Massachusetts, Suffolk County.

3. The Defendant Otis Elevator Corporation a/k/a Otis Elevator Service Company ("Otis") is a foreign corporation with a principal place of business at One Carrier Place, Farmington, Connecticut 06032 but is registered to do business in Massachusetts.

4. The Defendant, Otis, was at all times pertinent hereto, engaged in servicing, testing, inspection and maintaining the elevator at Logan Airport.

5. At all relevant times, Plaintiff was employed by Massport and worked at Logan Airport.

6. On or about April 17, 2017, the Plaintiff, while in the course of her employment for Massport at Logan Airport, was riding the subject elevator (hereinafter the "elevator").

7. As the elevator approached the floor, it came to a stop and the doors opened. However, the elevator malfunctioned and stopped approximately four inches too early, creating a dangerous step-down to the floor at the exit.

1

8. As Plaintiff went to exit the elevator, she tripped and fell over the unexpected and dangerous step, and fell to the floor.

9. At all relevant times during the incident, the elevator was under the control of Otis, creating a responsibility to keep the area safe.

10. As a result of the incident, the plaintiff sustained severe injuries, including but not limited to a broken elbow. She has continuing problems with pain, difficulty, and other arm problems.

## CAUSES OF ACTION

### COUNT I. NEGLIGENCE
#### (Kim Velez v. Otis)

11. The Plaintiff hereby adopts and incorporates the allegations made in the foregoing paragraphs as though fully set forth herein.

12. The injuries sustained by the plaintiff were the direct and proximate result of the negligence of the defendant as follows:
    a. Defendant negligently designed, developed, formulated, manufactured, tested, inspected, advertised, promoted, marketed, packaged, distributed and sold the elevator;
    b. Defendant negligently maintained, tested, and inspected the elevator;
    c. Defendant negligently repaired and maintained the elevator;
    d. Defendant negligently exposed persons on the premises to unreasonable hazards due to the dangerously defective elevator located at the premises;
    e. Defendant negligently failed to warn or instruct concerning the dangers of the elevator;
    f. Defendant negligently failed to ensure that the elevator would be operated with adequate safety devices.

13. As a result of the incident, the plaintiff sustained severe injuries, including but not limited to a broken elbow. She has had extensive medical treatment and will require treatment in the future. She has continuing problems with pain, difficulty, and other arm problems.

### COUNT II – BREACH OF WARRANTY
#### (Kim Velez v. Otis)

23. Plaintiff hereby adopts and incorporates the allegations made in the foregoing paragraphs as though fully set forth herein.

2

24. Defendant was at all times herein mentioned engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing and sale of elevators including the elevators at Logan Airport.

25. Defendant expressly and impliedly warranted to Plaintiff and to the general public that the elevator was safe, merchantable and fit for its intended purposes and uses. Defendant breached its warranties because said elevator was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiff relied on the warranties made by Defendant and Plaintiff sustained injury as the direct and proximate result of the breaches of warranties by Defendant. Due notice has been given Defendant of its breaches of warranty.

26. As a result of the incident, the plaintiff sustained severe injuries, including but not limited to a broken elbow. She has had extensive medical treatment and will require treatment in the future. She has continuing problems with pain, difficulty, and other arm problems.

## COUNT III - LOSS OF CONSORTIUM
### (Martin Velez v. Otis)

27. The Plaintiff, Martin Velez, hereby adopts and incorporates the allegations made in the foregoing paragraphs as though fully set forth herein.

28. As a direct and proximate result of Defendant's negligence, the wife of the Plaintiff, Martin Velez, was injured and disabled. As a result thereof, Plaintiff has lost the love, companionship and consortium of his wife.

WHEREFORE, Plaintiff prays judgment against Defendant, together with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY.

The Plaintiff,
By Her Attorneys,

James Swartz, BBO#556920
Alan L. Cantor, BBO #072360
Ross B. Greenstein, BBO #682222
Swartz & Swartz, P.C.
10 Marshall Street
Boston, MA 02108
(617) 742-1900

Dated: 10/10/18

3